# IN THE COURT OF APPEALS OF IOWA

No. 15-0277
Filed May 6, 2015

**IN THE INTEREST OF A.B., L.B., and R.B.,**
**Minor Children,**

**D.B., and K.B.,**
        Intervenors/Appellants.

_____

Appeal from the Iowa District Court for Floyd County, Karen Kaufman Salic, District Associate Judge.

The intervenor-grandparents appeal from a post-termination, permanency-review order, seeking a return of the children to their care. **AFFIRMED.**

John Slavik of Elwood, O'Donohoe, Braun & White, LLP, Charles City, for appellants.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Rachel Ginbey, County Attorney, and Denise Patters, Assistant County Attorney, for appellee State.

Cynthia Schuknecht of Noah, Smith & Schuknecht, P.L.C., Charles City, for minor children.

Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**DANILSON, C.J.**

Intervenor-grandparents appeal from a post-termination, permanency-review order, seeking a return of the children to their care. Concluding alternative placement is in the best interests of the children, we affirm.

The parents of R.B., A.B., and L.B. had their parental rights terminated on March 11, 2014. At that time, the children were residing in the home of their paternal grandparents, where the older two had been placed since January 2013 and the youngest since January 2014. On December 19, 2014, the juvenile court issued an order authorizing pre-adoptive family foster care placement rather than relative placement. The grandparents sought the return of the children to their care.

On January 20, 2015, a department of human services report to the court indicated the paternal grandparents' adoptive home study had not been approved and the grandparents had personal issues involving their biological children that required their attention be focused on their nuclear family. The report recommended R.B., A.B., and L.B. remain in family foster care and that the process toward finalizing the adoption continue.

A permanency review hearing was held January 29, 2015, after which the juvenile court issued a termination and permanency review order. The court continued its prior order of family foster care placement. The intervenor-grandparents now appeal.

Upon our de novo review, *see In re E.G.*, 738 N.W.2d 653, 654 (Iowa Ct. App. 2007), and in light of our overriding concern for the children's best interests,

we affirm the juvenile court's permanency review order. *See* Iowa Code §§ 232.104(7)(a), .117(6)-(8) (2013),[1] *see also E.G.*, 738 N.W.2d at 657 (noting that after the court orders termination, "[t]he legislature, while giving the juvenile court continuing oversight consistent with the best interest of the child, did not give the juvenile court the right to establish custody or consent to adoption. Rather, these rights were specifically granted to the guardian [the department]"). The juvenile court provided several cogent and compelling reasons for its order, which we adopt but need not repeat here. Particularly in light of the fact that the

---

[1] Iowa Code section 232.104(7)(a) provides:

> Following an initial permanency hearing and the entry of a permanency order which places a child in the custody or guardianship of another person or agency, the court shall retain jurisdiction and annually review the order to ascertain whether the best interest of the child is being served. . . . Any modification shall be accomplished through a hearing procedure following reasonable notice. During the hearing, all relevant and material evidence shall be admitted and procedural due process shall be provided to all parties.

Section 232.117 provides, in part:

> 6. If the court orders the termination of parental rights and transfers guardianship and custody under subsection 3, the guardian shall submit a case permanency plan to the court and shall make every effort to establish a stable placement for the child by adoption or other permanent placement. Within forty-five days of receipt of the termination order, and every forty-five days thereafter until the court determines such reports are no longer necessary, the guardian shall report to the court regarding efforts made to place the child for adoption or providing the rationale as to why adoption would not be in the child's best interest.
> 7. The guardian of each child whose guardianship and custody has been transferred under subsection 3 and who has not been placed for adoption shall file a written report with the court every six months concerning the child's placement. The court shall hold a hearing to review the placement at intervals not to exceed six months after the date of the termination of parental rights or the last placement review hearing.
> 8. The guardian of each child whose guardianship and custody has been transferred under subsection 3 and who has been placed for adoption and whose adoption has not been finalized shall file a written report with the court every six months concerning the child's placement. The court shall hold a hearing to review the placement at intervals not to exceed twelve months after the date of the adoptive placement or the last placement review hearing.

grandparents' home study was not approved, we do not disturb the court's decision.

**AFFIRMED.**